IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COLETTE KAY MCCUBBIN                                                         PLAINTIFF

v.                                            CIVIL NO. 08-2098

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Colette Kay McCubbin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on December 9, 2005, alleging an inability to work since December 28, 2004, due to degenerative disc disease of the cervical spine, scoliosis, a history of bilateral carpal tunnel syndrome, neuropathy of the feet, hip and hand pain, hypertension, diabetes mellitus, fatigue, depression and anxiety. (Tr. 47-49, 210-213). For DIB purposes, plaintiff maintained insured status through September 30, 2008. (Tr. 11, 61). An administrative hearing was held on May 23, 2007, at which plaintiff appeared with counsel and testified. (Tr. 224-282).

By written decision dated July 31, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). The ALJ determined plaintiff's severe impairments were as follows: degenerative disc disease of the cervical spine, history of bilateral carpal tunnel surgeries and neuropathy of the feet. (Tr. 13). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform light work except that she cannot climb ropes, scaffolds or ladders; work at unprotected heights or around dangerous equipment or machines; or drive as part of her work. (Tr. 16, 18). In addition, the ALJ found plaintiff can only occasionally climb ramps and stairs, stoop, bend, crouch, kneel or balance. (Tr. 16). With the help of a vocational expert, the ALJ determined plaintiff could perform her past relevant work as a cashier/stocker, a collection clerk and a production helper. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 9, 2008. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7,8).

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Sequential Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.　Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In making the RFC determination the ALJ noted the non-examining medical consultants opinions at the initial and reconsideration levels opining plaintiff did not have a severe

impairment. (Tr. 17). The ALJ found that evidence dated subsequent to those opinions showed plaintiff's impairments did cause more limitations so she found the non-examining medical consultants opinions to be inconsistent with the record. (Tr. 17). The record is void of any other opinion from a medical professional regarding plaintiff's capabilities.

      A review of the medical records reveals plaintiff has sought treatment for neck pain, neuropathy of her lower extremities, chronic obstructive pulmonary disease and anxiety. Progress notes dated March16, 2007, reveal plaintiff was seen by Billy Noel, APN, with complaints of pain in both hips and legs. (Tr. 188). Nurse Noel noted plaintiff was brought in via a wheelchair as she was unable to stand or move her legs without using her arms. Nurse Noel noted plaintiff failed a tactile stimulation test. Plaintiff was sent to the emergency room where Dr. Patric Anderson noted plaintiff was able to move, sit up and walk. (Tr. 208). Dr. Anderson noted plaintiff was neurovascularly intact with the exception of subjective numbness and tingling. (Tr. 209). Plaintiff was diagnosed with acute chronic lower back pain with bilateral lower extremity neuropathy and instructed to follow-up with Dr. Griggs, Dr. Capocelli and her primary care physician. Progress notes completed by Nurse Noel dated May 13, 2007, report plaintiff continued to have episodes of falling. (Tr. 186). Nurse Noel also noted plaintiff was not able to get the cyst on her kidney evaluated due to lack of funds. However, Nurse Noel instructed plaintiff as to the need of having the kidney evaluated and instructed her to make some type of payment arrangements. Upon examination, Nurse Noel noted plaintiff exhibited an abnormal gait and station and an abnormal spine/ribs/pelvis examination. Plaintiff was also given instructions concerning her anxiety. Plaintiff was diagnosed with cervical degenerative

disc disease and anxiety. Nurse Noel noted the clinic had exhausted all of its resources and that plaintiff would need to find someone to take arrangement of her pain.

The record clearly shows plaintiff has been diagnosed with neck pain, bilateral lower extremity neuropathy and anxiety and that plaintiff has complained of limitations due to these impairments. After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand necessary so that the ALJ can more fully and fairly develop the record. The court is particularly concerned about plaintiff's bilateral lower extremity neuropathy and the ALJ's finding that she can be up on her feet six hours in an eight-hor workday.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff - - including, Dr. Anthony Capocelli- - asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE